# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY HOELLER,**
         **Plaintiff,**

     v.                                                      Case No. 15-C-0253

**SOCIAL SECURITY ADMINISTRATION,**
         **Defendant.**

## DECISION AND ORDER

Plaintiff Timothy Hoeller filed a complaint in a Wisconsin small-claims court against the Social Security Administration ("SSA"), which the SSA subsequently removed to this court under 28 U.S.C. § 1442(a). The SSA subsequently moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The SSA argues that claims raised in the complaint arise under the Federal Tort Claims Act, and that therefore this case is a civil action over which the federal courts have exclusive jurisdiction. See 28 U.S.C. § 1346(b)(1). The SSA contends that because the state small-claims court did not have jurisdiction over this case, the doctrine of "derivative jurisdiction" requires that I dismiss the case for lack of subject matter jurisdiction, even though, by virtue of the removal under § 1442(a), the case is now in federal court.

The plaintiff has filed a letter in which he states that he does not intend to respond to the SSA's motion to dismiss and in which he indicates that he is no longer interested in "go[ing] after this form of negligence" by the SSA. See ECF No. 6. Thus, I consider the SSA's motion unopposed and will grant it for that reason. See Civil L.R. 7(d) (failure to file

a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion).

Accordingly. **IT IS ORDERED** that the SSA's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge